JOHN C. CAIN v. ADAM THOMAS.

It is error for the court by its charge to require the jury to find a verdict upon issues concerning which there was no evidence to warrant a verdict.

The plaintiff, claiming title to a lot of land under a Sheriff's deed, brought suit against a third party to have his deed declared null and void, delivered up and canceled, on the ground that it was a cloud upon his title, a secret trust, and made to defraud the creditors of the grantor. On the trial, no evidence was introduced to prove the allegations of secret trust and fraud: *held*, that as there was no evidence introduced to prove these allegations, it was error for the court to submit to the jury issues as to whether the deed was a secret trust, or made in fraud of the creditors.

APPEAL from Harris. Tried below before the Hon. Peter W. Gray.

This suit was brought by Adam Thomas, the appellee, against John C. Cain, the appellant, to require him to deliver up a deed to a lot of land, to have the same declared null and void and canceled.

The plaintiff claimed under a sheriff's deed, dated 15th day of June, 1854. The lot was sold to satisfy a judgment, rendered in a justice's court on a note executed on the 23d day of November, 1853, by W. Wood in favor of John Kennedy. The defendant claimed to derive his title under a deed from William Wood to Abby J. Townsend, and from her to defendant.

The statement of facts discloses that William Wood kept Abbey J. Townsend, a free woman of color, as a mistress. On the 18th day of July, 1846, he executed to Abbey a deed for the city lot in controversy. William Wood died in 1854, having appointed A. P. Thompson his executor. Thompson was authorized by the will to sell and convey the property of the estate. He found among the papers of Wood the deed from Wood to Abbey for the lot in controversy, and a blank deed from Abbey for the same. He, believing that the property still belonged to the estate of Wood, sold the same to Smalley, who sold to defendant. Thompson, to avoid the execution of several deeds, filled up the blank deed executed by Abbey with the name of John C. Cain, the defendant. The

other facts are sufficiently disclosed in the opinion of the court. The verdict and judgment were for plaintiff. John C. Cain prosecuted an appeal.

*C. B. Sabin,* for appellant.

*Henderson* and *Johnston,* for appellee.

BELL, J. The lot of land in controversy, was conveyed by William Wood to Abbey Jane Townsend in the month of July, 1846. The note upon which judgment was recovered in the justice's court by John Kennedy against Wood, was dated November 23d, 1853, and there was no evidence that the note was given for a pre-existing debt. There is no evidence that Wood owed any other debt, except for medical services to one Smalley, which services seem to have been rendered by Smalley in 1854. Under these circumstances, we think it was error for the judge below to submit to the jury whether or not the conveyance from Wood to Abbey J. Townsend, made in 1846, was made in secret trust for himself, or for the purpose of defrauding his creditors. There was no evidence of secret trust, unless the execution of the deed in blank by Abbey Jane Townsend in 1850, was such evidence; and that circumstance alone and unexplained, was not sufficient to warrant the jury in finding that the deed executed by Wood in July, 1846, was made in secret trust for himself. There is not a particle of evidence in the record, that Wood owed any debt prior to November, 1853. The jury ought not therefore to have been required to find a verdict upon issues concerning which there was no evidence to warrant a verdict.

It is certain that the record now before us does not present the whole case as it was presented in the court below; because complaint is made in the assignment of errors, that the court refused to hear the testimony of a witness, after the argument of counsel commenced, and reference is made to an affidavit of the witness to show the materiality of the testimony. No such affidavit as that referred to is contained in the record.

It is also said in the statement of facts, that the deed executed in blank by Abbey Jane Townsend in 1850, and afterwards filled

up by Wood's executor, was read in evidence, but the deed is not to be found in the record.    How far the record falls short in other respects, of presenting the real case, we are unable to determine. Under the circumstances, we will content ourselves with a reversal of the judgment, because of the error heretofore pointed out, without discussing other questions, which are not likely to present any embarrassment upon another trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.